UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL H. CARMODY,

                            Plaintiff,          CV-05-4907 (SJF)(ETB)

    -against-                       **MEMORANDUM**
                                                         **OPINION AND ORDER**

THE VILLAGE OF ROCKVILLE CENTRE,
ROCKVILLE CENTRE POLICE DEPARTMENT,
NASSAU COUNTY CIVIL SERVICE COMMISSION,
JOHN MCKEON in his official and individual
capacity, and BRIAN BURKE in his official and
individual capacity,

                            Defendants.
----------------------------------------------------------------X

      Before the court is the application of the defendants, the Village of Rockville Centre, the Rockville Centre Police Department and Jack McKeon, Commissioner of the Rockville Centre Police Department (collectively referred to as the "Rockville Defendants"), pursuant to Federal Rule of Civil Procedure 37(a), for an order compelling Plaintiff, Michael H. Carmody ("Carmody" or "Plaintiff"), to produce his federal income tax returns for the years 2003 through the present. For the following reasons, the Rockville Defendants' motion is denied without prejudice.[1]

### FACTS

      Plaintiff, Michael H. Carmody, was employed as a probationary police officer for the Rockville Centre Police Department from March 22, 2002 until August 11, 2003. (Compl., ¶¶

---

[1] The court is grateful for the assistance of Lauren M. Fasano, a summer intern and first-year law student at Touro Law Center, for her assistance in the preparation of this Memorandum Opinion and Order.

19, 53.) Plaintiff alleges that as a result of his opposition to defendants' racist and discriminatory actions and statements, he was the victim of discriminatory employment practices by the Rockville Defendants. (Compl., ¶ 5.) The Nassau Civil Service Commission and Brian Burke, a Sergeant at the Rockville Centre Police Department, are also named as defendants.[2] Plaintiff asserts eight causes of action under Titles VI and VII of The Civil Rights Act of 1964 (42 U.S.C. §§ 2000d and 2000e), the New York State Human Rights Law (Executive Law § 296), 42 U.S.C. §§ 1981 and 1983 and for breach of contract. The damages claimed by Plaintiff include lost income and emotional distress.

By letter motion, dated May 29, 2007, the Rockville Defendants moved to compel certain discovery from Plaintiff, including responses to and clarification of interrogatories as well as document production. (See Rockville Defs.' Letter Mot. to Compel, dated May 29, 2007 (hereinafter referred to as "Defs.' Mot.")) On June 6, 2007, after being granted an extension, Plaintiff's counsel responded and objected to the Rockville Defendants' letter motion. (See Opp'n Letter to Mot. To Compel, dated June 6, 2007 (hereinafter referred to as "Pl.'s Reply.")) The Rockville Defendants have informed the Court that, with one exception, all of the information sought by the motion to compel has been provided by Plaintiff's counsel. (See Letter of Michael E. Gorelick, Esq., dated June 8, 2007.) The remaining discovery dispute pertains solely to the requested production of Plaintiff's 2003-2006 federal income tax returns.

---

[2] The Nassau Civil Service Commission and Sergeant Burke do not join in the instant motion to compel.

DISCUSSION

I.     Compliance with Local Civil Rule 37.3(c)

As Local Civil Rule 37.3(c) makes clear, discovery disputes shall only be brought to the court's attention after attorneys for the affected parties "cannot agree on a resolution." E.D.N.Y. Civ. R. 37.3(c). The rule requires that all affected parties attempt to confer in good faith to resolve the discovery dispute prior to seeking judicial resolution. The Rockville Defendants moved pursuant to Federal Rule of Civil Procedure 37(a) for an order compelling Plaintiff to produce his federal income tax returns for the years 2003 through the present, which Plaintiff filed jointly with his wife. Mr. Gorelick, counsel for the Rockville Defendants, references and attaches to his motion to compel, four letters that were sent to Mr. Frederick Brewington, Plaintiff's counsel, attempting to resolve this discovery dispute. (See Defs.' Mot., at 1.) Mr. Gorelick's letters to Plaintiff's counsel support his claim of a good faith attempt to obtain the requested information. (Id.)

II.    Compelling Discovery of Plaintiff's Joint Tax Returns

By letter motion, dated May 29, 2007, the Rockville Defendants move to compel the production of Plaintiff's federal income tax returns from 2003 to the present. (Defs.' Mot., at 1.) The Plaintiff admits that he has not executed the authorization for his Internal Revenue Service ("IRS") records and objects to this request. (See Pl.'s Reply.) In his opposition to the Rockville Defendants' motion, Plaintiff asserts that he filed joint tax returns with his wife for the years 2003 to the present and that he opposes "the unnecessary release of Mrs. Carmody's information." (Id.)

Although income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both "the private nature of the sensitive information contained therein" and "the public interest in encouraging the filing by taxpayers of complete and accurate returns." Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979). To compel the disclosure of income tax returns, a two-part test must be satisfied: (1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not "otherwise readily obtainable." United States v. Bonanno Family of La Cosa Nostra, 119 F.R.D. 625, 627 (E.D.N.Y. 1988) (citing S.E.C. v. Cymaticolor Corp., 106 F.R.D. 545, 547 (S.D.N.Y. 1985)).

Various courts have applied this two-part test, often with differing burdens of proof. Generally, the party seeking discovery of the income tax returns bears the burden of demonstrating relevancy. Bonanno, 119 F.R.D. at 627. With respect to the second prong of the test, some courts shift the burden to the party opposing the discovery to establish the existence of alternative sources for the information. Compare Airmont Homes, Inc. v. Nalitt, No. 93 CV 5669, 1995 WL 313147, at *2, (E.D.N.Y. May 12, 1995) (granting plaintiff's motion to compel defendant's tax returns when defendant failed to show availability of alternative sources), with Sabatelli v. Allied Interstate, Inc., No. CV 05-3205, 2006 WL 2620385, at *1 (E.D.N.Y. Sept. 13, 2006) (denying plaintiff's motion to compel defendant's tax returns when plaintiff failed to show a "compelling need"). However, the modern trend appears to require the party seeking discovery to demonstrate both relevancy and a compelling need. See, e.g., Ellis v. City of New York, No. 06 CIV. 4827, 2007 WL 1746255, at *3 (S.D.N.Y. Jun. 15, 2007) (quashing subpoena for plaintiff's tax returns when defendants failed to satisfy the two-part test); Barkley v. Olympia

Mortg. Co., No. 04 CV-875, 2007 WL 656250, at *7 (E.D.N.Y. Feb. 27, 2007) (denying plaintiff's motion to compel defendants' tax returns for failure to show a compelling need).

The within motion to compel arises from the Rockville Defendants' Document Request No. 15, which seeks all documents related to Plaintiff's "lost wages and other losses alleged by plaintiff due to the events" of this action, including his federal income tax returns. (See Rockville Defs.' First Req. for the Produc. of Docs., at 6.) The Rockville Defendants assert that Plaintiff's income tax returns are relevant because "plaintiff was self-employed during that period." (See Defs.' Mot.) Paragraph 72 of Plaintiff's Complaint offers further support for the Rockville Defendants' position as Plaintiff asserts he suffered and continues to suffer "loss of employment, loss of income, injury to his career, loss of other employment and retirement benefits." (Compl., ¶ 72.) By this action, Plaintiff seeks damages for lost earnings. His federal income tax returns will provide accurate information regarding his income for the years 2003 to the present. Since Plaintiff's financial information is clearly relevant to the issue of damages, the first prong of the two-part test for disclosure is satisfied.

The second element of the two-part test requires the Rockville Defendants to demonstrate a compelling need for the disclosure of Plaintiff's income tax returns on the grounds that the information contained therein is not otherwise readily obtainable. Bonanno, 119 F.R.D. at 627. There is no indication in any of the letters submitted by the parties that the Rockville Defendants have attempted to obtain the requested information through the use of any other, less intrusive, discovery device. For example, Mr. Gorelick informed this Court that the Plaintiff has yet to be deposed. (See Letter from Michael Gorelick, dated May 10, 2007, at 1.) The Rockville Defendants could certainly question the Plaintiff extensively concerning his claims of lost income during any future deposition. See, e.g., Raba v. Suozzi, No. CV 06-1109, 2007 WL

81932, at *2 (E.D.N.Y. Jan. 9, 2007) (refusing to compel tax returns when plaintiff had yet to be deposed concerning lost earnings); Sabatelli, 2006 WL 2620385, at *1 (E.D.N.Y. Sept. 13, 2006) (denying motion to compel tax returns when a deposition testimony would provide an adequate picture of defendant's financial status).

Although the modern trend places the burden of persuasion on the party seeking discovery, the availability of alternative sources of the information is still relevant. See Bonanno, 119 F.R.D. at 627. Here, Plaintiff's counsel did not suggest any alternative sources in his letter opposing the Rockville Defendants' motion to compel. (Pl.'s Reply.) However, in response to Document Request No. 15, Plaintiff produced his W-2 for the period of 2003 as well as his unemployment earning statement for 2004. (See Pl.'s Resp. To First Req. Produc. Of Docs., at 10.) With respect to 2005, Plaintiff states that he "is not in possession of earning [sic] statement...as he earned salary/wages for that period [sic]." (Id.) Moreover, in Plaintiff's letter opposing the Rockville Defendants' motion to compel, Plaintiff's counsel attaches a chart displaying Plaintiff's past lost earnings, which demonstrates that he earned $6,042.00 in 2006. (See Pl.'s Reply, Ex. A.)

Based on the foregoing, I find that the Rockville Defendants have failed to satisfy the second prong of the two-part test for disclosure of Plaintiff's federal income tax returns. Accordingly, their motion to compel is denied without prejudice to renewal following Plaintiff's deposition.

## CONCLUSION

For the foregoing reasons, the Rockville Defendants' motion to compel the disclosure of Plaintiff's federal income tax returns is denied.

SO ORDERED.

Dated: Central Islip, New York
      July 13, 2007

                                            /s/ E. Thomas Boyle
                                            HON. E. THOMAS BOYLE
                                            United States Magistrate Judge