UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL H. CARMODY,

                        Plaintiff,          CV-05-4907 (SJF)(ETB)

     -against-                          MEMORANDUM
                                            OPINION AND ORDER

THE VILLAGE OF ROCKVILLE CENTRE,
ROCKVILLE CENTRE POLICE DEPARTMENT,
NASSAU COUNTY CIVIL SERVICE COMMISSION,
JOHN MCKEON in his official and individual
capacity, and BRIAN BURKE in his official and
individual capacity,

                        Defendants.
----------------------------------------------------------------X

      Before the court is the joint application of the defendants, the Village of Rockville Centre, the Rockville Centre Police Department, John McKeon (collectively referred to as the "Rockville Defendants"), and Sergeant Brian Burke ("Burke"), requesting an Order enlarging the time to conduct the deposition of the plaintiff, Michael Carmody ("plaintiff" or "Carmody"). The said defendants request twenty-one hours to depose the plaintiff. Oral argument was held on this matter on July 19, 2007. For the following reasons, the defendants' application is granted in part and denied in part.

FACTS

      This is an action for work-place discrimination brought by a probationary police officer whose employment was terminated prior to the end of his probationary period. Plaintiff alleges that he was terminated and retaliated against as a probationary employee based on his expressed

-1-

opposition to defendants' racist and discriminatory actions and statements, in violation of Title VII, as well as his First and Fourteenth Amendment rights under Sections 1981 and 1983.[1] There is also a state human rights law cause of action and breach of contract alleged as pendent state claims.

By letter motion, dated July 10, 2007, the Rockville Defendants request an Order enlarging the time to conduct the deposition of the plaintiff to three full days or twenty-one hours. The Rockville Defendants assert that the enlargement of time is necessary "due to the need to question the witness concerning the hundreds of documents that have been produced, the numerous conversations plaintiff claims to have had with, or to have overheard between, many Rockville Centre Police Officers, the complexity of the claims at issue, and the fact that there are multiple defendants, each with differing issues which require extensive inquiry." (Letter of Michael E. Gorelick, dated July 11, 2007, at 1.)

By letter dated July 11, 2007, plaintiff responded to the Rockville Defendants' application, stating that he strongly opposes the request. According to plaintiff, a full deposition was already taken in accordance with New York General Municipal Law Section 50-h. (Letter of Frederick K. Brewington, dated July 11, 2007, at 1-2.) The 50-h hearing transcript is part of the County's Automatic Disclosure filed on January 19, 2006. In addition, another deposition of plaintiff was taking prior to the commencement of discovery at the Rockville Defendants' insistence. (Id., at 2.) Finally, plaintiff alleges that the Rockville Defendants have not demonstrated "good cause" as to why the deposition of plaintiff should be so enlarged. (Id.)

---

[1] The complaint alleges that plaintiff served as a New York City police officer for ten years before he resigned to join the defendant Village of Rockville Centre Police Department. (Compl. ¶ 16.)

Plaintiff's counsel stated at oral argument that if any further deposition of plaintiff is to take place, he believes it should be limited to two to three hours.

The Rockville Defendants submitted a reply to plaintiff's opposition on July 12, 2007, asserting that although a Section 50-h hearing was conducted of plaintiff, it pertained only to plaintiff's state law claims and is "irrelevant to any discovery proceedings conducted in this litigation." (Id.) Moreover, according to the Rockville Defendants, the pre-discovery deposition of plaintiff was ordered by Judge Feuerstein and pertained only to the discrete issue of plaintiff's interactions with one Courtney Holsey, a female civilian employee of the Rockville Centre Police Department, who is alleged to have been present during the "racial slurs" used by the Rockville Defendants and to have been offended by them.[2] (Compl. ¶ 30.) The Rockville Defendants assert that the pre-discovery deposition did not touch upon any other areas of the within litigation. (Id., at 2-3.) This claim was disputed by plaintiff's counsel at oral argument but is consistent with the limitations placed on pre-motion discovery by Judge Feuerstein.[3]

Counsel for defendant Brian Burke also submitted a letter on July 12, 2007, joining in the request of the Rockville Defendants for an extension of the time allotted to conduct plaintiff's

---

[2] Counsel for defendants stated at oral argument that this deposition was intended to determine whether Ms. Holsey could verify the plaintiff's allegations in order for the defendants to determine whether they would be in a position to move for summary judgment at the outset of the action.

[3] The memorandum of proceedings before Judge Feuerstein and docketed on January 20, 2006 at Document 17, in relevant part, provides that:

> "Initial pre-motion discovery limited to depositions of plaintiff
> and Ms. Halsey with plaintiff's deposition limited in scope to
> the allegations surrounding Ms. Halsey."

deposition, and in "partial opposition" to plaintiff's July 11th letter.[4] Defendant Burke asserts that good cause exists because plaintiff is alleging eight causes of action involving multiple events with multiple individuals, some of whom are named defendants and some who are not, over an 18-month period. It is also noted that there are three separate attorneys representing the defendants, "all of whom have the right to question the Plaintiff regarding the events alleged in the Complaint pertaining to their clients." (Id., at 2.) Defendant Burke also asserts the same general opposition as that advanced by the Rockville Defendants concerning plaintiff's characterization that he has already been subjected to two "full depositions." (Id., at 2-3.) There was a dispute among counsel at oral argument with respect to the pre-motion deposition taken by defendants of the plaintiff. Defendants claim that this lasted four hours and forty minutes. Plaintiff's counsel claims it was over five hours. The County defendants state that the 50-h hearing, which was taken prior to commencement of this action and related only to potential state charges, consists of approximately twenty pages.

## DISCUSSION

Pursuant to Rule 30(d)(2) of the Federal Rules of Civil Procedure, depositions are limited to one day consisting of seven hours. See FED. R. CIV. P. 3(d)(2). The court "must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination."

---

[4] The remaining defendant, the Nassau Civil Service Commission, did not submit any letters in connection with the instant application. However, counsel for the Civil Service Commission appeared at the oral argument and argued in favor of extending the plaintiff's deposition time.

Id. However, the rule mandates that "[A] party seeking a court order to extend the time for examination or otherwise alter the limitations is expected to show good cause to justify such an order." Calderon v. Symeon, No. 06CV1130, 2007 U.S. Dist. LEXIS 20510, at *3 (D. Conn. Feb. 2, 2007) (quoting 7 James Wm. Moore, et al., Moore's Federal Practice, § 30.45 (3d ed. 2006). "[O]nly the time taken for the actual deposition, not breaks, counts toward the 7 hours, and . . . for good cause shown, the court should enlarge the time limit." Condit v. Dunne, 225 F.R.D. 100, 112-13 (S.D.N.Y. 2004) (citing the 2000 Advisory Committee Notes to Fed. R. Civ. P. 32(d)).

The case law on extensions is fact specific, with some orders granting relief and others denying the request. See, e.g., Bender v. Del Valle, No. 05 Civ. 6459, 2007 WL 1827839, at *3 (S.D.N.Y. June 25, 2007) (denying one group of defendants' request for additional time to depose plaintiff where they had already deposed her for over ten hours but granting the City defendant one additional hour of deposition time "because there [were] multiple defendants, and it . . . appear[ed] that the City was denied any opportunity to inquire about the events" of the action during plaintiff's prior deposition); Gibbs v. Am. School for the Deaf, No. 3:05cv563, 2007 U.S. Dist. LEXIS 25036, at *2 (D. Conn. Apr. 3, 2007) (granting plaintiff an additional seven hours to depose a witness where the deposition was "slowed down and interrupted because of the need to use sign language interpreters"); Calderon, 2007 U.S. Dist. LEXIS 20510, at *4-5 (finding a five-hour extension of deposition time warranted where plaintiff was "recalcitrant and uncooperative" during her first deposition); Sec. Ins. Co. v. Trustmark Ins. Co., 218 F.R.D. 29, 32 (D. Conn. 2003) (denying defendant's request for additional deposition time where "[a] review of the deposition transcript and the scope of the notice of deposition [did] not support

-5-

defendant's argument that more time [was] justified"). Thus, the decision whether or not to enlarge the amount of time for examination of a deponent is a factual decision, depending on the circumstances of the individual case. Where, as here, the action involves multiple parties, "the need for each party to examine the witness may warrant additional time, although duplicative questioning is discouraged." Calderon, 2007 U.S. Dist. LEXIS 20510, at *3-4 (citing Moore's Federal Practice, § 30.45).

In addition, as raised by the court at oral argument, Federal Rule of Civil Procedure 30(a)(2)(B) requires leave of the court to depose a person who has already been previously deposed in the action, unless the parties stipulate to a further deposition in writing. See FED. R. CIV. P. 30(a)(2)(B). The parties disagree as to whether the prior examinations of the plaintiff constitute a deposition necessitating leave of the court for further questioning. While the pre-motion deposition was limited by Judge Feuerstein's order, discussed above, it was a deposition, and I will, therefore, consider it in deciding the fairness of the defendants' request - both for purposes of permission under 30(a)(2)(B) and for purposes of the duration (21 hours) requested in this application. The Rockville Centre defendants acknowledged that the prior deposition is a critical area to the defense. While disputed by plaintiff, defendants' counsel acknowledges that this deposition consisted of more than four and one-half hours of questioning of the plaintiff.

With respect to the Section 50-h hearing, there is a disparity in the parties' estimations of the length of plaintiff's questioning, with plaintiff claiming five hours and counsel for the Nassau Civil Service Commission asserting that although she was unsure of the actual time spent, the questioning only amounted to nineteen or twenty pages of deposition transcript. Since neither party produced the transcript of the Section 50-h examination and since it is undisputed

that such questioning focused exclusively on plaintiff's potential state law claims against the Civil Service Commission, the court will give minimal, if any, consideration to the Section 50-h hearing in determining whether additional time to depose plaintiff is warranted.

As for the pre-discovery deposition of the plaintiff, he asserts that such examination was conducted at the insistence of the defendants. This is not disputed, although defendants contend that the deposition was ordered by Judge Feuerstein and was limited to the events relating to Ms. Holsey. Defendants also argue that the pre-discovery deposition was intended to focus only on the issues pertaining to Courtney Holsey, however a good portion of the time was also spent examining the plaintiff concerning certain audio tapes that plaintiff made of conversations with individuals in the Rockville Centre Police Department, which was allegedly unbeknownst to defendants prior to that deposition. Plaintiff asserts that the deposition went far beyond the limitation placed on the deposition by Judge Feuerstein.

As noted, the parties also differ with respect to how much time was spent questioning the plaintiff during the pre-discovery deposition. Defendants assert that the examination lasted four hours and forty minutes. Plaintiff disputes this estimate, alleging that the deposition was actually five hours and forty minutes. Even accepting the lower estimation of four hours and forty minutes, the court finds that this pre-discovery deposition of plaintiff constituted a deposition within the context of Rule 30 of the Federal Rules of Civil Procedure. It is defendants' prerogative how they choose to spend the deposition time allotted to them under Rule 30(a)(2)(B). Apparently, the defendants were hopeful that the requested depositions of plaintiff and Holsey would put them in a position to move immediately for summary judgment. While this would appear somewhat unorthodox and simplistic given the fact intensive nature of Title

VII/1983 actions, and given the lack of any opportunity of the plaintiff to conduct discovery, nonetheless that was the defendants' strategy and it is not the province of this court to question it. The defendants are, however, bound by the consequences of this strategy. It should also be noted that in most cases, the application to extend the time for a deposition is made after the deposition of the witness or party at issue has been conducted. See, e.g., Bender, 2007 WL 1827839, at *3 (rendering a decision after reviewing the transcripts of the prior depositions); Calderon, 2007 U.S. Dist. LEXIS 20510, at *4 (same); Sec. Ins. Co., 218 F.R.D. at 32 (same). This was not done here. Nor have the prior deposition transcripts been provided to the court. Accordingly, the court is unable to review any transcripts of the examinations of the plaintiff in determining the application.

Based on the foregoing, the defendants are granted leave to conduct a second deposition of plaintiff, as provided for under the Federal Rules of Civil Procedure, 30(a)(2)(B). The movants have made an inadequate showing of good cause to warrant the requested relief - twenty-one hours of deposition time. Their request is conclusory and perfunctory. Contrary to their assertion, this is not a complex action. Actions such as these, under Title VII and Sections 1983 and 1981, are one of the most common actions filed in this court. The County's involvement is limited to discrete issues relating to plaintiff's request for reinstatement to the civil service list following his termination. Moreover, while Sgt. Burke is represented by separate counsel from the other Rockville Centre defendants, it was acknowledged at oral argument that his position is substantially similar to that of the other Rockville Centre defendants.

Accordingly, defendants' time to depose plaintiff shall be limited to five and one-half

hours. In reaching this decision, I have considered the prior deposition using the time four hours and forty minutes claimed by the Rockville Centre defendants. This means that the plaintiff may be examined up to three hours more than the time permitted under 30(d)(2). This should be more than adequate to thoroughly cover the issues raised in this action - given proper preparation.

## CONCLUSION

Defendants' motion for additional time to depose the plaintiff is granted; however, such additional time is limited to five and one-half hours. In all other respects, the motion is denied, without prejudice to renewal. Any renewal shall be by formal motion, with copies of all prior examinations of the plaintiff attached as exhibits.

SO ORDERED.

Dated: Central Islip, New York
July 27, 2007

/s/ E. Thomas Boyle
HON. E. THOMAS BOYLE
United States Magistrate Judge