UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

MIKE H. CARMODY,

                Plaintiff,                      CV-05-4907 (SJF)(ETB)

    -against-

                                         **ORDER**

VILLAGE OF ROCKVILLE CENTRE,
ROCKVILLE CENTRE POLICE DEPARTMENT,
NASSAU COUNTY CIVIL SERVICE
COMMISSION, JOHN P. MCKEON, in his
official and individual capacity, and
BRIAN BURKE, in his official and individual capacity,

                Defendants.
----------------------------------------X

FEUERSTEIN, J.

Before the Court are objections by defendants Village of Rockville Centre ("the Village"), the Rockville Centre Police Department ("the RVCPD") and John P. McKeon ("McKeon") (collectively, "the Village defendants") and Brian Burke ("Burke") to so much of a Report and Recommendation of United States Magistrate Judge E. Thomas Boyle dated August 5, 2009 ("the Report") that recommends denying in part their respective motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated herein, the Report of Magistrate Judge Boyle is accepted in its entirety.

I

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P.

1

72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See, Fed. R. Civ. P. 72(b); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005); Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II

The Village defendants contend that Magistrate Judge Boyle erred, *inter alia*, in: (1) overlooking "certain undisputed facts" occurring after February 13, 2003, (Memorandum of Law in Support of the Village Defendants Objections [Vill. Obj.], p. 2); (2) misapplying the summary judgment standard, (Vill. Obj, p. 4); (3) misapplying the standard to establish a prima facie case of retaliation, (Vill. Obj., p. 6); (4) finding a question of fact regarding the individual liability of McKeon under 42 U.S.C. § 1983 absent evidence of McKeon's personal involvement in the alleged violations of plaintiff's First Amendment rights, (Vill. Obj., pp. 14-15); (5) denying McKeon's qualified immunity defense absent "particularized evidence" that McKeon uttered any

statements or expressions which would indicate a retaliatory motive, (Vill. Obj., pp. 16-17); (6) failing to apply the test to establish a prima facie case for First Amendment retaliation under 42 U.S.C. § 1983, (Vill. Obj., pp. 17-22); (7) recommending that a claim for "employment discrimination" against McKeon pursuant to 42 U.S.C. § 1983 remains absent specification of the alleged constitutional violation underlying that claim, (Vill. Obj., pp. 22-23); and (8) recommending that the branch of the Village defendants' motion seeking summary judgment dismissing plaintiff's claim against McKeon pursuant to 42 U.S.C. § 1981 be denied since, *inter alia*, plaintiff has not established that McKeon was personally involved in any of the alleged discriminatory acts and, in any event, cannot establish a causal connection between McKeon's acts in or before February 2003 and his termination in August 2003, (Vill. Obj., pp. 23-25).

Burke contends, *inter alia*, that Magistrate Judge Boyle erred, *inter alia*, in: (1) failing "to address the temporal connection of the alleged conduct and the alleged adverse employment action," (Burke's Objection to the Report [Burke Obj.]); (2) failing "to assess BURKE'S supervisory role in relation to his authority to terminate Plaintiff's employment," since only McKeon had the authority to terminate plaintiff, (id.); and (3) denying the branch of Burke's motion to dismiss plaintiff's First Amendment retaliation claim because, *inter alia*, plaintiff's complaints about Burke's behavior do not constitute "protected speech," (id.).

Upon *de novo* review of the Report and consideration of the Village defendants' and Burke's objections and plaintiff's responses thereto, the objections are overruled and the Report is accepted in its entirety as an order of the Court.[1]

---

[1] Plaintiff has not objected to the branches of Magistrate Judge Boyle's Report as recommended (1) granting partial summary judgment to the Village defendants and Burke and dismissing certain of his claims as against those entities, and (2) granting the motion of the

3

II.  Conclusion

Upon *de novo* review of the Report, the Village defendants' and Burke's objections are overruled and the Report is accepted in its entirety. The motion of defendant Nassau County Civil Service Commission ("CSC") seeking summary judgment dismissing plaintiff's complaint against it is granted and the complaint is dismissed in its entirety as against the CSC. The branches of the Village defendants' and/or Burke's motions seeking summary judgment dismissing plaintiff's (1) Title VII claims against McKeon in both his individual and official capacities; (2) 42 U.S.C. §§ 1981 and 1983 employment discrimination claims against McKeon and Burke in their official capacity; (3) Monell and employment discrimination claims pursuant to 42 U.S.C. §§ 1981 and 1983 against the Village and the RVCPD; (4) 42 U.S.C. § 1983 due process claims against all defendants; (5) Title VI claims in their entirety; and (6) breach of contract claims against the Village defendants are granted and those claims are dismissed with prejudice. The branches of the Village defendants' and/or Burke's motions seeking summary judgment dismissing plaintiff's (1) Title VII retaliation claim against the Village and the RVCPD; (2) New York State Human Rights Law, N.Y. Exec. Law § 296, claim against the Village defendants and Burke; (3) 42 U.S.C. §§ 1981 and 1983 employment discrimination claims against McKeon and Burke in their individual capacity; and (4) First Amendment

---

Nassau County Civil Service Commission seeking summary judgment dismissing the complaint as against it. Upon review of those branches of the Report, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts and adopts those branches of the Report.

4

retaliation claims against the Village defendants and Burke are denied. In addition, all claims against the RVCPD are *sua sponte* dismissed.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 30, 2009
       Central Islip, New York